NOT FOR PUBLICATION                    [Docket No. 24, 30]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| SALAHUDDIN FARRAH SMART, | |
| Plaintiff, | |
| v. | Civil No. 06-138 (RMB) |
| TOWNSHIP OF GLOUCESTER, et al., | **OPINION** |
| Defendants. | |

**BUMB**, United States District Judge:

This matter comes before the Court upon a motion for summary judgment filed by Defendants Township of Gloucester, Gloucester Police Chief John Stollsteimer, and Patrolman Patrick Cunane ("Defendants"). Plaintiff, Salahuddin Farrah Smart, alleges Defendants violated his constitutional rights when Patrolman Cunane arrested him on domestic violence charges. Defendants move for summary judgment on the grounds that Plaintiff's claims are premature while the underlying criminal charges are still pending. Defendants also argue that Plaintiff's claims fail on the merits. Plaintiff has moved for leave to submit his Brief in Opposition out of time. That motion is granted. For the reasons below, Defendants' motion will be granted.

1

I. Standard

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986). "In making this determination, a court must make all reasonable inferences in favor of the non-movant." Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D.N.J. 1990) (citing Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983) cert. dismissed, 465 U.S. 1091 (1984)). "At the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court is mindful that pro se litigants' pleadings are held to a more liberal standing. Pro se complaints in particular should be construed so as to do substantial justice; a short plain statement is often all that is required. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). It bears repeating, dismissal is appropriate only where it appears that no set of facts would entitle plaintiff to relief. Id. at 233. On summary judgment, however, a plaintiff must produce evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

2

trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).
Mere allegations are not enough to survive summary judgment.
<u>S.E.C. v. J.W. Barclay & Co.</u>, 442 F.3d 834, 840 (3d Cir. 2006)
(<u>quoting</u> Fed. R. Civ. P. 56(e)).


II.  Statement of Facts

      The following facts derive from Plaintiff's Complaint, his
Opposition, and the deposition transcripts attached thereto.  The
material facts, however, are not in dispute.

      Events completely unrelated to this matter or the pending
motions led the Rutgers University Police to arrest Plaintiff
Smart on March 1, 2005, for trespassing on the University's
Camden campus.  At the time of his arrest Smart was with his then
three-month old daughter who was in a baby carriage.  The Rutgers
police called the child's mother, Josepha Flores, to come pick up
the child.  Flores could not, however, because she lived
approximately ten miles away in Gloucester Township and had no
car or other means of transportation.  A Rutgers officer went and
picked up Flores.  On the return trip Flores described a history
of domestic violence at the hands of Smart, and related that the
Gloucester Township police had been to her home several times for
domestic incidents.

      Once at Rutgers, Flores hand wrote a statement recounting
past incidents of physical abuse meted out by Smart, and stated

3

she wanted a Restraining Order against him.  The Rutgers police contacted the county prosecutor's office which advised them to bring Flores to the Gloucester Township police to file for a temporary restraining order because that is where the alleged domestic violence took place.

Upon arriving at the Gloucester Township Police Station, Flores gave a voluntary taped statement to Gloucester Police Officer Cunane.  Flores related that, on February 26, 2005, she got into a fight with Smart while they were both in a car in a hotel parking lot.  Smart pushed her out of the moving car, then stopped the car and, knowing she was pregnant with their second child, "bear-hugged her, pushing against her belly," and then drove off with their daughter.  A week earlier, on February 19, 2005, while in a room at this same hotel Smart shoved her against the wall while she was holding their daughter.  She hit the wall and then a microwave oven.  Flores also described other incidents, pre-dating February 19, 2005, when Smart had struck and bit her while she was holding their daughter.

The Gloucester Police then contacted the county prosecutor's office with the information provided by Flores.  The prosecutor's office advised the officers to charge Smart with aggravated assault, N.J.S.A. § 2C:12-1b(1), endangering the welfare of a child, N.J.S.A. § 2C:24-4(A), and simple assault, N.J.S.A. § 2C:12-1(A).  Flores also signed a civil complaint and temporary

4

restraining order.  A municipal court judge then signed the
temporary restraining order.  Gloucester police officer
Mazzarella arrested Smart on the above charges the next day,
March 2.  To the Court's knowledge, all three charges have yet to
be heard in state court.

Smart filed this suit on January 11, 2006 against Officer
Cunane, Gloucester Police Chief John Stollsteimer, and the
Township of Gloucester.  Plaintiff's Amended Complaint, filed
June 7, 2006, alleges seven counts under 42 U.S.C. § 1983, a
cause of action for the constitutional violations of state
actors.  Count 1 alleges Officer Cunane violated Smart's Fourth
Amendment rights.  Count 2 alleges Cunane breached his fiduciary
duties.  Count 3 is alleged against Stollsteimer, the Police
Chief, for an unconstitutional policy of failing to properly
train officers in handling domestic violence allegations.  Count
4 alleges Stollsteimer also breached his fiduciary duties.  Count
5 is alleged against the Township of Gloucester for an
unconstitutional policy or custom of failure to train.  Counts 6
and 7 are also failure to train claims, alleged against
Stollsteimer and the Township respectively.


III. Analysis

Defendants contend first that Plaintiff's claims must be
dismissed under what is known as the Heck doctrine.  In Heck v.

5

Humphrey the Supreme Court held that a Section 1983 claim that
would imply that an arrest or conviction was invalid was not
cognizable until the charges underlying the arrest or conviction
were resolved in the plaintiff's favor.  512 U.S. 477, 487
(1994).  More recently, however, the Supreme Court held that
certain Fourth Amendment claims accrue at the time of the
constitutional violation, regardless of the procedural burden
Heck places on the resolution of such claims.  Wallace v. Kato,
__ U.S. __, __, 127 S. Ct. 1091, 1095-96, 166 L. Ed. 2d 973, 981-
82 (2007).  Under Wallace, any Fourth Amendment claim must be
brought within two years and, in all likelihood, stayed pending
resolution of the underlying charges.  Id. at 1098-99, 166 L. Ed.
2d at 984-85.  In the event of a conviction on the underlying
charges, the stay may extend for years while post-conviction
relief is sought.  Id. at 1099 n.5, 166 L. Ed. 2d at 984 n.5.
Because of Wallace's potential to clog the Court's docket with
unresolvable cases, this Court will reach Defendant's arguments
under Heck last, only where dismissal of Plaintiff's claims on
other grounds is unavailable.  See also, Gibson v. Superintendent
of N.J. Dep't of Law and Public Safety-Div. of State Police, 411
F.3d 427, 451 (3d Cir. 2005) (where claim would impugn the only
evidence supporting conviction, Heck applies and claim must be
deferred until the conviction is overturned).

    Defendants also argue that Plaintiff's claims fail on their

merits.  To state a claim for unlawful arrest, plaintiff must provide evidence that he was arrested without probable cause. <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817 (3d Cir. 1997).  Probable cause exists "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person in believing that an offense has been or is being committed by the person to be arrested."  <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 483 (3d Cir. 1995); <u>Sharrar</u>, 128 F.3d at 817-18.  Testimony from one witness who a police officer finds credible can be sufficient to establish probable cause; an officer is not required to undertake an intensive investigation and interview other witnesses.  <u>Merkle v. Upper Dublin School District</u>, 211 F.3d 782, 790 n.8 (3d Cir. 2000).  A police officer may rely upon the testimony of the victim alone in establishing probable cause.  <u>Sharrar</u>, 128 F.3d at 818.  It is not the quality of the investigation that matters, but whether the information known would lead an objectively reasonable person to believe an offense has been committed. <u>Orsatti</u>, 71 F.3d at 484.

Here, Plaintiff does not dispute that Flores told the Rutgers University Police that she had been physically abused by Smart on two specific occasions, and more generally on other prior occasions.  Rather, Plaintiff contends that Flores' statement was false.  Whether or not the allegations are true is

a question to be decided with the resolution of the underlying
criminal charges.  Regardless of the outcome below, the truth of
the allegations is irrelevant to whether they provided probable
cause to charge and arrest Plaintiff.

Once told of Plaintiff's conduct, Rutgers University Police
contacted the Camden County Assistant Prosecutor handling
domestic violence incidents who advised them that the victim
should be driven to Gloucester Township, where the incidents
occurred.  Once Flores arrived at the Gloucester Police
Department Officer Cunane spoke with her.  She described what had
happened between herself and Smart.  She provided a voluntary
taped statement of the prior incidents.  She described two
incidents in which she had been physically abused by Smart: he
pushed her out of a moving car; he also shoved her into a wall
while she was holding their six-month old daughter.  Flores also
indicated that this was not the first time Smart had struck her
while she was holding their daughter.  The Gloucester Police
Department, after receiving input from the Camden County
Prosecutor's Office, charged Smart with aggravated assault,
simple assault and endangering the welfare of a child.

Officer Cunane had probable cause to charge Smart for all
three offenses.  New Jersey's criminal code defined aggravated
assault as an attempt to cause serious bodily injury to another.
N.J.S.A. § 2C:12-1b(1).  Based on Flores' voluntary statement, it

8

is objectively reasonable that Officer Cunane would believe Smart
attempted to cause serious bodily injury to Flores when he pushed
her out of a moving car.  Simple assault is attempting to cause,
knowingly causing, or recklessly causing bodily injury to
another.  N.J.S.A. § 2C:12-1a(1).  Again, Flores' statement gave
Officer Cunane an objectively reasonable belief that Smart
attempted to, or knowingly did cause bodily injury when he both
pushed her out of the moving car and pushed her against the wall
while she was holding their daughter.  Finally, endangering the
welfare of a child is conduct that would constitute abuse or
neglect.  N.J.S.A. § 2C:24-4(a).  Abuse and neglect include
exposure of the child to physical risk without protection.
N.J.S.A. § 9:6-1.  Flores' statement is sufficient to give
Officer Cunane the objectively reasonable belief that, when Smart
pushed Flores into a wall while she was holding the child, Smart
had exposed his daughter to physical risk such that it
constituted abuse or neglect and that that conduct endangered the
child's welfare.  Thus, Cunane had sufficient probable cause to
charge and arrest Smart.

Plaintiff's arguments that Cunane was motivated by malice
and that probable cause was absent because Flores lacked visible
injuries are insufficient.  The standard for probable cause is an
objective one that is measured without regard to the subjective
motivation of the arresting officer.  <u>Arkansas v. Sullivan</u>, 532

U.S. 769, 771 (2001) (per curium).  Whether or not Cunane was
motivated by malice, he had probable cause to charge and arrest
Smart such that any alleged malice is not of constitutional
import.  Flores' lack of visible injuries is also not relevant.
All three charges address attempts to inflict bodily injury, not
actual infliction of bodily injury.  Additionally, Flores related
that the incidents occurred a week or more prior to the taped
statement making it possible that some signs of injury may have
healed.  Whether or not Flores had visible injuries, Flores'
statement was sufficient for Cunane to objectively believe that
Smart had violated the three statutes with which he was charged.
Accordingly, Officer Cunane is entitled to summary judgment on
Smart's Fourth Amendment claims.

Although Plaintiff's complaints alleged repeatedly that
Defendants are liable for "illegal seizures," Plaintiff's claims,
liberally construed, may also assert claims of malicious
prosecution.  Defendants do not address malicious prosecution.
However, Cunane filed the charges against Smart but Officer
Mazzarella actually arrested him.  Since Mazzarella is not a
defendant a short discussion of the viability of any malicious
prosecution claim is warranted.

To prevail on a malicious prosecution action brought under
42 U.S.C. § 1983, a plaintiff must show:

(1) the defendants initiated a criminal proceeding;
(2) the criminal proceeding ended in plaintiff's favor;

(3) the proceeding was initiated without probable
cause;
(4) the defendants acted maliciously or for a purpose
other than bringing the plaintiff to justice; and
(5) the plaintiff suffered a deprivation of liberty
consistent with the concept of seizure as a consequence
of a legal proceeding.

Dibella v. Borough of Beachwood. 407 F.3d 599, 601 (3d Cir. 2005)

(quorum)(citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d

Cir. 2003)).  Any claim of malicious prosecution is premature

because the Court is unaware of whether or not the criminal

proceedings have ended in Plaintiff's favor.  Nonetheless, the

above analysis indicates that regardless of the outcome of the

underlying charges, a claim for malicious prosecution fails.

Even if Plaintiff is acquitted of the underlying charges, the

record before this Court indicates that the proceedings were

initiated upon a finding of probable cause.  Thus, Plaintiff is

unable to satisfy the elements of a claim for malicious

prosecution.

Accordingly, Defendants will be granted summary judgment on

Plaintiff's Fourth Amendment claims.

Counts 2 and 4 allege that Cunane and Stollsteimer,

respectively, breached their fiduciary duties.  This Court is

aware of no cause of action against police officers for breach of

fiduciary duty.  Plaintiff alleges that the Defendants breached a

duty to thoroughly investigate allegations before filing criminal

charges.  To the extent these claims restate Smart's Fourth

11

Amendment claims they are dismissed.  To the extent they are
failure to train claims, they are also dismissed for the reasons
stated below.

Count 3 is alleged against Stollsteimer, the Police Chief,
for an unconstitutional policy of failing to properly train
officers in handling domestic violence allegations.  Count 5 is
alleged against the Township of Gloucester for an
unconstitutional policy or custom of failure to train.  Counts 6
and 7 are also failure to train claims, alleged against
Stollsteimer and the Township respectively.  Because Plaintiff
has not demonstrated that his constitutional rights were
violated, as discussed above, there can be no vicarious liability
on the part of either Chief Stollsteimer or the Township.
Nonetheless, Plaintiff has provided no evidence, beyond mere
allegations, of Defendants' policies on training on domestic
violence allegations.

There is no respondeat superior liability under § 1983.
Monell v. New York City Dep. of Social Services, 436 U.S. 658,
693-94 (1978).  A municipality can only be liable if the
municipality itself, through the implementation of a municipal
policy or custom, causes a constitutional violation.  Id. at 693-
94.  Similarly, an individual defendant, in order to be
personally liable, must have participated in a violation of one's
constitutional rights, directed others to violate them, or, as a

12

supervisor acquiesced in a subordinate's violations.  <u>Baker v.</u>
<u>Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

There is no evidence that would support a conclusion that
either the municipality or Chief Stollsteimer caused any alleged
violation of Smart's constitutional rights.  There is no evidence
of any policy or custom of the Township that caused any alleged
constitutional harm.  There is likewise no evidence that
Stollsteimer either directly or through a policy or custom
participated in the alleged, but unsubstantiated, constitutional
violations.  Accordingly, Defendant Township of Gloucester and
Chief Stollsteimer will be granted summary judgment on all of
Plaintiff's claims.


IV. Conclusion

Plaintiff's motion to file an opposition out of time is
granted.  For the above reasons, Defendants will also be granted
summary judgment on all of Plaintiff's claims.  An appropriate
Order will issue this date.


Date: April 20, 2007                    s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge